FILED

2012 MAR 22 AM 10: 15

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOUTHEASTERN METALS
MANUFACTURING COMPANY, INC.,

    Plaintiff,

vs.    CASE NO. 3:11-cv-1058-J-20JBT

MILLENNIUM METALS, INC. &
L.V. THOMPSON, INC. d/b/a THOMPSON
ARCHITECTURAL METALS COMPANY,

    Defendants.
_____/

## ORDER

This cause is before this Court on Defendants' Motion to Stay Proceedings Pending Outcome of Request for Reexamination of Plaintiff's Patent (Doc. 21, filed February 28, 2012) and Plaintiff's response in opposition thereto (Doc. 22, filed March 13, 2012).

**I. Background**

Plaintiff, Southeastern Metals Manufacturing Company, Inc., initiated this action on October 27, 2011, by filing a single-count Complaint (Doc.1) for patent infringement against Defendants, Millennium Metals, Inc. and L.V. Thompson, Inc. The claim relates to United States patent number 7,044,852 (the "Patent"), which concerns off-ridge roof ventilation technology.

In December 2011, Defendants filed responsive pleadings, which raised affirmative defenses and counterclaims, including assertions of patent invalidity based on newly found prior art. (Docs. 11 and 12). On February 6, 2012, the parties filed their Case Management Report (Doc. 19), which advised the Court that Defendants intended to file a request for reexamination for the Patent by the United States Patent and Trademark Office ("PTO"). On February 27, 2012, Defendant Millennium did, in fact, file a request for *ex parte* reexamination for Plaintiff's Patent, pursuant to 35 U.S.C. §

302, on the ground that there are "substantial new questions of patentability in view of six prior art references never disclosed to, or considered by, the [PTO] during the Patent's prosecution." (Doc. 21 at 3). On the same day, this Court entered its Case Management and Scheduling Order (Doc. 20), which set a discovery deadline of May 10, 2013, and a jury trial for the term commencing on November 4, 2013.

## II. Discussion

In the instant motion, Defendants seek a stay of this action pending the outcome of the request for *ex parte* reexamination of Plaintiff's Patent. Defendants argue that a stay will not unduly prejudice Plaintiff, but, on the contrary, will narrow the issues in this case and lessen the burden of litigation on the Court and the parties.

It is within the discretion of the district court to order a stay pending conclusion of a reexamination by the PTO. *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:08-cv-1365-T-33TBM, 2009 WL 2423095, at *1 (M.D. Fla. July 29, 2009); *Lifewatch Servs., Inc. v. Medicomp, Inc.*, No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar. 16, 2010). "'One purpose of the reexamination procedure is to eliminate trial of [the patent validity] issue . . . or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding).'" *Alps South, LLC v. Ohio Willow Wood Co.*, No. 8:09-CV-386-T-EAK, 2011 WL 899627, at *1 (M.D. Fla. Mar. 15, 2011) (quoting *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)) (bracketing in *Alps South, LLC*). Thus, there is a liberal policy in favor of granting such stays. *Baxa Corp. v. Forhealth Techs., Inc.*, Case No. 6:06-CV-353-Orl-19JGG, 2006 WL 4756455, at *1 (M.D. Fla. May 5, 2006) (citations omitted). However, "there is no per se rule requiring that patent cases be stayed pending reexaminations because such a rule would invite parties to unilaterally derail litigation."

2

*eCOMSYSTEMS, Inc. v. Shared Marketing Services, Inc.*, No. 8:10-cv-1531-T-33AEP, 2011 WL 280942, at *2 (M.D. Fla. Jan. 26, 2011).

In determining whether to stay litigation pending the PTO's reexamination of a patent, courts consider: "'(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Freedom Scientific, Inc.*, 2009 WL 2423095, at *1 (quoting *Baxa Corp. v. Forhealth Techs., Inc.*, 2006 WL 4756455, at *1).

Plaintiff claims that undue prejudice will result from the requested relief, as Defendants are direct competitors and will gain market share during the potentially lengthy stay. However, no evidence is offered in support of this assertion. Moreover, Plaintiff's argument is belied by the fact that it waited over five years after learning of Defendants' allegedly infringing conduct to take legal action. (*See* Doc. 22 at 5). Further, Plaintiff fails to explain how any prejudice resulting from additional sales made during the stay cannot be remedied by monetary damages. *Cf. Freedom Scientific, Inc.*, 2009 WL 2423095, at *2; *Tomco Equip. Co. v. Se. Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008).

With regard to whether a stay would simplify the issues and streamline the trial, Plaintiff posits the *ex parte* reexamination "will *most likely* not prevent this action from moving forward in litigation." (Doc. 22 at 8) (emphasis added). Plaintiff is correct that Defendants are free to relitigate the PTO's patent validity determinations in this Court. Notwithstanding, at minimum, trial will be facilitated by the availability of the PTO's expert views. *See Freedom Scientific, Inc.*, 2009 WL 2423095, at *1; *Alps South, LLC*, 2011 WL 899627, at *2. And, as noted by Defendants, a finding of invalidity during the reexamination may result in a complete dismissal of this action. (Doc. 21 at 6).

Finally, this case is in its early stages. As of the date of the instant motion, neither party had served or exchanged any discovery. (*See* Doc. 21 at 7; *but cf.* Doc. 22 (indicating that Plaintiff served Defendants with initial discovery requests sometime prior to filing its opposition)). Accordingly, in addition to simplifying the action and providing expertise to the court and parties, a stay pending reexamination may limit costs by focusing the issues before the parties engage in significant discovery or litigation.

Therefore, it is **ORDERED**:

1. Defendants' Motion to Stay Proceedings Pending Outcome of Request for Reexamination of Plaintiff's Patent (Doc. 21, filed February 28, 2012) is **GRANTED**;

2. The Clerk of the Court is directed to **ADMINISTRATIVELY CLOSE** the file during the pendency of the PTO's *ex parte* reexamination of Plaintiff's Patent. Defendants shall update this Court on the reexamination proceedings every **ninety (90) days.**

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2012.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Dariush Keyhani, Esq.
Eric N. Assouline, Esq.
Lorri Lomnitzer, Esq.
Joseph J. Weissman, Esq.
Richard S. Vermut, Esq.